UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CONSUELO SAMANAMUD,

                Plaintiff,              ORDER

     -against-                            15-CV-4967 (KAM) (LB)

CIDNY Independent L.S.,

                Defendant.
---------------------------------------------------------X

MATSUMOTO, United States District Judge:

On August 20, 2015, plaintiff Consuelo Samanamud, appearing *pro se*, commenced this action. (Compl., ECF No. 1, filed 8/20/15.) Plaintiff's motion to proceed *in forma pauperis* ("IFP") is denied for the reasons set forth below. The court directs plaintiff to file an amended IFP application or pay the filing fee of $400 within 14 days of the date of this Order in order to proceed with this action.

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Lampman v. Friedman & Levine, Inc.,* No. 07 CV 3423, 2007 WL 2471725, at *1 (E.D.N.Y. Aug. 30, 2007); *Gregory v. NYC Health & Hospitals Corp.,* No. 07 CV 1531, 2007 WL 1199010 at *1 (E.D.N.Y. Apr. 17, 2007). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the allegation of poverty is untrue or unsubstantiated. 28 U.S.C. § 1915(e)(2)(A). The "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" *Hobbs v. County of Westchester, et al.,* No. 00 Civ. 8170, 2002

WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997)). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Maccaro v. New York City Health & Hosp. Corp.,* No. 07 CV 1413, 2007 WL 1101112 at *1 (E.D.N.Y. Apr. 11.2007); *Choi v. Chemical Bank,* 939 F. Supp. 304, 308-09 (S.D.N.Y.1996).

Plaintiff's IFP application and the documents attached thereto do not satisfy the court that she is indigent and cannot pay the filing fee. In her application, plaintiff states that she is currently employed, that she has $3,000 in a checking or savings account, and that she owns real estate with an approximate value of $800,000. (*See* Pl. IFP App. at 1-2, ECF No. 2, filed 8/20/15.) Plaintiff attaches a pay stub showing net earnings of $488.61 for 40 hours of work and a letter setting forth her social security benefits to begin August 2015. (*See* Pl. IFP App. at 3, 4.) It is unclear from the application whether plaintiff will continue to be employed after August 2015 when her social security benefits start and whether she receives any rental income for the real estate property she owns. Plaintiff's application establishes that she is gainfully employed and has sufficient resources to pay the $400 filing fee to commence this action at this time.

## Conclusion

Accordingly, plaintiff's IFP motion is denied. The court, however, grants plaintiff leave to file an amended IFP application in the event plaintiff can provide additional support for her application. The amended IFP application must be filed within 14 days from the date of this Order. The Clerk of Court is directed to send plaintiff an IFP application along with this Order.

In the alternative, plaintiff may pay the filing fee of $400 to the Clerk of Court, Eastern District of New York, within 14 days from the date of this Order.

If plaintiff fails to comply with this Order within the time allowed, this action will be dismissed without prejudice.

SO ORDERED.

/s/
Kiyo A. Matsumoto
United States District Judge

Dated: September 3, 2015
Brooklyn, New York