```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
CONSUELO SAMANAMUD,
                                              ORDER ADOPTING REPORT
                    Plaintiff,                AND RECOMMENDATION
                                              DISMISSING THIS
     -against-                                ACTION WITHOUT
                                              PREJUDICE
CIDNY INDEPENDENT L.S.,

                    Defendant.                15-CV-4967 (KAM)(LB)
-------------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Consuelo Samanamud commenced this action on August 20, 2015, alleging that defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (ECF No. 1.)

On October 22, 2015, the court directed plaintiff to serve summons and complaint by December 18, 2015 pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") and warned that failure to file proof that defendant was served or failure to show good cause why defendant was not timely served by December 18, 2015 would result in Judge Bloom recommending that the plaintiff's action be dismissed without prejudice pursuant to Rule 4(m). A copy of Judge Bloom's October 22, 2015 Order and other materials were mailed to plaintiff on October 22, 2015. (ECF No. 9.)

On March 7, 2016, Judge Bloom issued a Report and Recommendation ("R&R") recommending that the court dismiss this action without prejudice pursuant to Rule 4(m) because plaintiff failed to file proof of service on the defendant or show good cause why she has not timely served the defendant. (ECF No. 10.) The R&R notified the parties that any objections must be filed within fourteen days of service of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 2.) The Clerk of the Court noted that a copy of Judge Bloom's R&R was mailed to plaintiff on March 9, 2016 via first class mail. The statutory period for filing objections has now expired, and no objections to Judge Bloom's R&R have been filed.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The court has nonetheless conducted a *de novo* review of Judge Bloom's Report and Recommendation.

Upon both clear error and *de novo* review, the court adopts Judge Bloom's recommendation dismissing this action without prejudice.  Pursuant to Rule 4(m), plaintiff had 120 days[1] after the complaint was filed to serve defendant.  By Order dated October 22, 2015, Judge Bloom directed plaintiff to serve defendant with the summons and complaint by December 18, 2015.  Judge Bloom's October 22, 2015 Order also stated that plaintiff is required to advise the Clerk of Court of any change of address.  Plaintiff has not filed proof of service on defendant and has not shown good cause why service was not timely effected.  Consequently, the court dismisses this case without prejudice pursuant to Rule 4(m).

The Clerk of the Court is respectfully directed to serve a copy of this Order on plaintiff and to close this case.

**SO ORDERED.**

Dated:   April 4, 2016
         Brooklyn, New York

                                              ___/s/_____
                                              Kiyo A. Matsumoto
                                              United States District Judge

---

[1] Although Rule 4(m) has been amended, effective December 1, 2015, to require that the summons and compliant be served within 90 days from the date the complaint is filed, the court applies the 120 day period in effect at the time plaintiff filed her complaint.